June 23, 2026

Hon. Sarah L. Cave
Magistrate Judge, Southern District of New York

Re: *Encyclopaedia Britannica, Inc. et al. v. Perplexity AI, Inc.*, No. 1:25-cv-07546-JLR-SLC

Dear Judge Cave:

The parties submit this joint letter in advance of the June 26, 2026 telephonic conference.

### **Plaintiffs' Positions on Discovery Status**

**Custodians and Search Terms**: On June 17, the parties finally reached agreement on Perplexity's custodians. Plaintiffs currently await the disclosures required by Paragraph 13 of the ESI Protocol for three of the custodians (Platnick, Jodlowska, Konwinski). In terms of search term negotiations, which have spanned nine weeks and multiple rounds of exchanges of hit count reports, Plaintiffs have significantly narrowed their requested search terms, from terms that hit on about 530,000 documents to about 157,000 documents. Plaintiffs have further agreed to drop 13 search terms altogether. Perplexity has represented that it will confirm agreement to Plaintiff's narrowed set of terms early this week. As of the submission of this joint letter, Perplexity has not yet responded.

**Source Code Review**: After entry of the Source Code Protocol on April 30 and disclosure of Plaintiffs' relevant experts on May 20 and June 2, Perplexity has begun making code available for inspection at its counsel's Silicon Valley office this week. Plaintiffs' experts are traveling on site for this review and expect this first review session to continue through July 2.

**Data Review**: After Plaintiffs waited three weeks from Perplexity on their counter-edits to the Data Inspection Protocol, Perplexity finally responded on June 12, and the Court entered the Protocol on June 16. The following day, Plaintiffs disclosed the data reviewer and requested that the data be made available in Perplexity's counsel's Los Angeles office. Perplexity has not yet responded to the location request. Plaintiffs reiterate their request that data be made available promptly. As to data snapshots already created for *Dow Jones*, on June 10, Perplexity disclosed that data snapshots from May 2024 through May 2025 have already been made available for inspection in that case. Despite discussion with the Court that it would make available the *Dow Jones* snapshots to Plaintiffs "on the same schedule," June 1 Hr'g Tr. 34:12-35:12, none has been made available to date.

In addition to the data snapshots already created for *Dow Jones*, Plaintiffs have requested—since May 8—that Perplexity create new data snapshots for this case for August 2025 through May 2026. Perplexity has not responded, indicating instead that it will entertain creating these snapshots only if Plaintiffs pay significant fees associated with hosting that data on-site at Perplexity's counsel's offices. Plaintiffs have communicated their position against paying to host data that is not being produced into Plaintiffs' custody (or even being made available through remote access) and have requested Perplexity's availability to meet and confer so the parties can reach resolution or impasse on this long-outstanding issue.

**Written Discovery**: On June 15, Plaintiffs supplemented their responses to Interrogatory 6. Specifically, Britannica provided a detailed chart listing over 97,000 asserted works and corresponding contributors.

**Response to Perplexity's Position on Document Productions:** Plaintiffs dispute Perplexity's characterization. Since the June 1 conference, Perplexity's production has largely consisted of the same documents previously produced with new confidentiality designations or overlays (e.g., production in color, not black-and-white, or production in PowerPoint, not PDF). By contrast, Plaintiffs have produced new employment-related documents (relevant to Plaintiffs' copyright ownership), as well as their financials.

## <u>Perplexity's Positions on Discovery Status</u>

Discovery is progressing at a healthy pace and there are no disputes ripe for the Court's attention.  Since the May 27 joint letter, the Parties have: (1) continued serving rolling document productions; (2) reached agreement on Perplexity's custodians; (3) made substantial progress in negotiating search terms for custodial ESI; (4) filed a data inspection protocol; and (5) scheduled several inspections of Perplexity's source code.

*Document Productions*.  Since May 27, Perplexity has made two additional productions of over 550 new documents including, for example, communications about Perplexity's adherence to robots.txt instructions, the answer engine's citations to sources, and documents about Perplexity's Publishers' Program.  Plaintiffs have made three productions totaling just 145 documents. Plaintiffs' productions remain deficient, including because they lack, for example, documents reflecting their website traffic and about their allegation that Perplexity's answer engine outputs substitute for users visiting those websites.  These documents go to the core claims and defenses in this case and should be promptly produced.

*Custodians and Search Terms*.  The Parties have agreed on 10 custodians for Perplexity and continue to confer about Plaintiffs' custodians.  Since the last conference, Plaintiffs apparently intend to remove one of their six originally proposed custodians, leaving just five between the two Plaintiffs.  Perplexity intends to identify additional proposed custodians after reviewing Plaintiffs' supplemental response to Interrogatory 6 served on June 15.  *See* ECF 72 ¶ 3.  The Parties have exchanged multiple rounds of search term proposals and hit reports, and are optimistic they will reach agreement on finalized search terms soon.

*Protocols*.  The Parties have now successfully negotiated a protective order (ECF 55), ESI protocol (ECF 61), source code inspection protocol (ECF 63), and a protocol governing inspection of sensitive repository data—i.e., Perplexity's database used for retrieval-augmented generation ("RAG Database") and data from user activity logs (ECF 76).  Plaintiffs' assertion that Perplexity "has not responded" to Plaintiffs' May 8 request for new snapshots is false—Perplexity responded on May 26 with a cost-sharing proposal.  While the Parties continue to confer, Plaintiffs have so far refused to share any hosting costs or narrow the requested timeframe for the snapshots; thus, their request for nearly a year of additional user log data is unduly burdensome and not proportional.

*Inspections*. Pursuant to the source code inspection protocol, Plaintiffs disclosed certain experts and source code reviewers, and the Parties negotiated the software to be made available during Plaintiffs' source code review. Plaintiffs began their review yesterday. Pursuant to the data inspection protocol, Plaintiffs recently disclosed certain experts and data reviewers to prepare for an inspection of Perplexity's sensitive repository data but have not yet proposed an inspection date. Plaintiffs' suggestion that Perplexity is delaying the review is false. For example, Perplexity responded to their detailed software questions within two business days.

*Interrogatories and RFAs*. The Parties agree it would be mutually beneficial to extend the deadline to serve interrogatories and requests for admission from July 1 (*see* ECF 39 at 2) to a later date to allow time for other discovery to be provided before the deadline. Plaintiffs propose August 1 and Perplexity proposes September 16.

Dated: June 23, 2026                                     Respectfully submitted,

**LATHAM & WATKINS LLP**                  **SUSMAN GODFREY LLP**

/s/ *Brett M. Sandford*                               /s/ *Ian B. Crosby*
Joseph R. Wetzel                                        Ian B. Crosby (*pro hac vice*)
Andrew Gass (admitted *pro hac vice*)        401 Union Street, Suite 3000
Brett M. Sandford (admitted *pro hac vice*)  Seattle, WA 98101
505 Montgomery Street, Suite 2000            icrosby@susmangodfrey.com
San Francisco, CA 94111-6538                   T: (206) 516-3880
Tel: 415.391.0600                                       F: (206) 516-3883
joe.wetzel@lw.com
andrew.gass@lw.com                               Davida Brook (*pro hac vice*)
brett.sandford@lw.com                             1900 Avenue of the Stars, Suite 1400
                                                               Los Angeles, CA 90067
Sarang V. Damle                                       dbrook@susmangodfrey.com
Cory D. Struble                                         T: (310) 789-3100
Julia R. Miller                                           F: (310) 789-3150
1271 Avenue of the Americas
New York, NY 10020                                 Y. Gloria Park
Tel: 212.906.1200                                      Sarah Hannigan
sy.damle@lw.com                                     One Manhattan West, 50th Street
cory.struble@lw.com                                 New York, NY 10001
julia.miller@lw.com                                   gpark@susmangodfrey.com
                                                               shannigan@susmangodfrey.com
Sara E. Sampoli (admitted *pro hac vice*)    T: (212) 336-8330
555 Eleventh Street, NW, Suite 1000           F: (212) 336-8340
Washington, D.C. 2004
Tel: 202.637-2200                                      *Attorneys for Plaintiffs Encyclopaedia*
sara.sampoli@lw.com                               *Britannica, Inc. and Merriam-Webster,*
                                                               *Inc.*
*Attorneys for Defendant*
*Perplexity AI, Inc.*