**Joseph R. Wetzel**
Direct Dial: 1.415.395.8007
joe.wetzel@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin Milan
Beijing Munich
Boston New York
Brussels Orange County
Chicago Paris
Dubai Riyadh
Düsseldorf San Diego
Frankfurt San Francisco
Hamburg Seoul
Hong Kong Silicon Valley
Houston Singapore
London Tel Aviv
Los Angeles Tokyo
Madrid Washington, D.C.

July 28, 2026

**VIA ECF**

The Honorable Jennifer L. Rochon
US. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1920
New York, NY 10007-1312

Re: *Encyclopaedia Britannica, Inc. et al. v. Perplexity AI, Inc.*, No. 1:25-cv-07546-JLR-SLC (S.D.N.Y): Notice of Supplemental Authority

Dear Judge Rochon:

We represent Defendant Perplexity AI, Inc. in the above-referenced case. We write to notify the Court of a recent decision that further supports granting Perplexity's pending motion to dismiss. *Epidemic Sound, AB v. Meta Platforms, Inc.*, No. 25-cv-10355, 2026 WL 2001154 (N.D. Cal. July 10, 2026) (**Ex. 1**), confirms the Court should dismiss Plaintiffs' output-based infringement claim (Count II) for the independent reason of failure to plead facts alleging infringing outputs for 11 of the 15 registered copyrights attached to Plaintiffs' operative complaint.

The *Epidemic* Court dismissed a copyright infringement claim because the plaintiff failed to allege nonconclusory facts supporting a plausible inference that "*each* of the 1,000 Works asserted . . . are substantially similar to works on Meta's platform." *Id.* at *4 (emphasis added). The court explained that the "repeated allegations" that plaintiff's works are "uploaded and reproduced [in the accused product] are entirely conclusory" and "insufficient to create a plausible inference Meta's platforms contain exact copies or wholesale reproductions" of *each* asserted work. *Id.* at *3; *see also id.* at *4 (granting leave to amend "to the extent [the plaintiff] can plausibly allege Meta's infringing works are substantially similar to each of its copyright protected works"). So too here. Plaintiffs' operative complaint is silent as to which works are even the subject of Count II, and Plaintiffs fail to allege *any* infringing outputs for all but 4 works. As to the other 11 works, Plaintiffs' Count II claims should be dismissed.

Respectfully submitted,

<u>*/s/ Joseph R. Wetzel*</u>
Joseph R. Wetzel
of LATHAM & WATKINS LLP

cc: All Counsel of Record (by ECF)