**Brett M. Sandford**
Direct Dial: +1.415.395.8150
brett.sandford@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin Milan
Beijing Munich
Boston New York
Brussels Orange County
Chicago Paris
Dubai Riyadh
Düsseldorf San Diego
Frankfurt San Francisco
Hamburg Seoul
Hong Kong Silicon Valley
Houston Singapore
London Tel Aviv
Los Angeles Tokyo
Madrid Washington, D.C.

August 3, 2026

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

Re: *Encyclopaedia Britannica, Inc. et al. v. Perplexity AI, Inc.*, No. 1:25-cv-07546-JLR-SLC: Perplexity AI's Opposition to Plaintiffs' Letter Brief Regarding Additional RAG and User Activity Log Data Snapshots

Dear Judge Cave,

The Court should deny Plaintiffs' overbroad request for 10 additional months of RAG and UAL data (August 2025–May 2026). That data is irrelevant, unduly burdensome, and—given the enormous tranche already provided—vastly disproportionate. Alternatively, the Court should reduce the UAL timeframe to three months, permit only one RAG snapshot, and order Plaintiffs to reimburse Perplexity's incremental hosting costs.

Plaintiffs claim Perplexity "agreed to provide both datasets." ECF 92 at 2. It did not. Tr. 20:12-20. As Plaintiffs' excerpts show, Perplexity offered only to "***compromise***" by producing the data "***if***" Plaintiffs paid the tremendous hosting costs. *See id.* (offering to produce RAG data "***should*** Plaintiffs cover the costs of hosting").[1] Plaintiffs declined and now misconstrue that offer.

Plaintiffs also miscast the issue as "whether Perplexity may limit its production" to that "in [*Dow Jones*]." ECF 92 at 1. Not so. The issue is whether Plaintiffs have shown the discovery sought is relevant, proportional, and not unduly burdensome. They fail at each step.

**The Additional Data Is Irrelevant.** Previously, Plaintiffs' ***sole*** relevance argument was the additional data would evidence post-registration infringement, as needed to establish statutory damages. ECF 86 at 1. That is wrong. Plaintiffs admit "statutory damages … are available only for infringement commencing after registration." *Id.*; *Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 159-60 (2d Cir. 2007). Thus, "a plaintiff may not recover statutory damages" for post-registration infringement that "is part of an ongoing series of infringing acts and the first act occurred before registration." *Uneeda*, 483 F.3d at 158. While this is a "merits defense" (ECF 92 at 3), it is also a threshold question of both relevance and proportionality, particularly given the data already

[1] All emphasis added.

produced. Fed. R. Civ. P. 26(b)(1); *Davis v. Leal*, 43 F. Supp. 2d 1102, 1113, n.14 (E.D. Cal. 1999) ("To permit discovery on a non-viable recovery theory is to sanction discovery abuse.").

Plaintiffs speculate the data will show "evidence of articles Perplexity first ingested after registration." ECF 92 at 3. Their FAC alleges the opposite: "since it was launched in 2022, Perplexity included ***all*** of Plaintiffs' copyrighted content as RAG Content." ECF 43 ¶ 52. Plaintiffs' assertion that "each RAG retrieval is a new and independent act of infringement" is conclusory and fails to show the infringement is ***not*** "part of an ongoing series of [pre-registration] infringing acts." ECF 92 at 3; *Uneeda*, 483 F.3d at 158. Indeed, the FAC confirms that ongoing crawling of web content is central to RAG technology. ECF 43 ¶¶ 7-8, 50-53, 63-71.

As to UAL data, for most registrations, Plaintiffs alleged no factual basis for output-based infringement. Perplexity's pending MTD explains how the four accused outputs do not allege infringement of the other 11 copyrights. ECF 45 at 12-15. After months of discovery and inspecting pre-suit snapshots, Plaintiffs have identified no other output-based infringement—which, given the pending MTD, they should do ***before*** putting Perplexity to the tremendous burden and expense of producing more data.

Plaintiffs' fallback arguments—willfulness and fair use—were absent from their prior letter (ECF 86) and are thus waived. *Playboy Enter., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997). They also fail. Willfulness depends on Plaintiffs' ability to seek statutory damages, which they cannot. 17 U.S.C. § 504(c)(2). The fair use argument—"click through" data bears on market substitution—fails because the RAG and UAL data does ***not*** reflect such rates. Ma Decl. ¶ 9. Regardless, the requested 10 months are neither necessary nor proportional.

**The Additional Data Is Disproportional.** Plaintiffs have continuously ignored the "proportionality" requirement—for good reason. Perplexity has already spent [redacted] and [redacted] to make available ***~500 terabytes*** of data, including ***every*** user log for the 13-month pre-Complaint period at a cost of [redacted].[2] Anderson Decl. ¶ 3; Ma Decl. ¶¶ 5-8, 10. That far exceeds discovery ordered in other AI cases. *OpenAI*, 25-md-03143, ECF 896 at 9 (S.D.N.Y.) (ordering 0.05% sample of logs). Yet Plaintiffs demand an additional [redacted] for another 10 months. No authority supports that request; proportionality bars it.[3] *Valentine v. Crocs, Inc.*, 2024 WL 1636716, at *5 (N.D. Cal. Apr. 15, 2024). Their demand would divert Perplexity's senior-most engineers from critical business priorities for 17 weeks and cost an ***additional*** [redacted]. Ma Decl. ¶¶ 11-19; Anderson Decl. ¶ 8.

**Plaintiffs Should Pay For Hosting.** Rule 26(c)(1)(B) authorizes the Court to shift the costs of disproportionate discovery. Courts routinely shift the entire cost of discovery that is, as here, at best tangentially relevant and unduly burdensome. *Lawson v. Spirit AeroSystems, Inc.*,

---

[2] Prior estimates were based on the size of the original snapshots.

[3] Plaintiffs' registrations show their works—encyclopedias (print or digital) and dictionaries—are compilations, each subject to at most one award of up to $150,000, or $2.25M total for 15 works, assuming willfulness. ECF 43 (Exs. 1-15). Regardless, this hypothetical estimate does not establish proportionality.

LATHAM & WATKINS LLP

2020 WL 3288058 (D. Kan. 2020) (shifting processing, hosting, and production costs); *Ford Motor Co. v. Versata Software, Inc.*, 2017 WL 4803705 (E.D. Mich. 2017). Perplexity has "already borne its fair share of expenses providing discovery on this subject," *Lawson*, 2020 WL 3288058, at *1," as detailed in the declarations. Ma Decl. ¶ 10; Anderson Decl. ¶ 3.

Plaintiffs provide no legitimate basis for Perplexity to bear more. Plaintiffs concede they should pay some costs, but claim "well-settled law" requires Perplexity to pay for hosting data being inspected. ECF 92 at 4. Plaintiffs identify no burden from accessing data in a "controlled environment" nor how that compares to Perplexity's enormous burden. Their cases are inapt. *Barnes v. Alves* directed the producing party to pay copying costs where the incarcerated requestor could not inspect the original. 10 F.Supp.3d 391, 394 (W.D.N.Y. 2014). *Quinby v. WestLB AG* addressed whether a producing party must bear costs when it "converts its data into an inaccessible format," which Perplexity has not done. 245 F.R.D. 94, 104-05 (S.D.N.Y. 2006). The issue is whether Perplexity should—after spending [redacted] through discovery) for ~500 terabytes—bear another [redacted] of at-best-tangentially relevant data. Anderson Decl. ¶¶ 3, 5-11; Ma Decl. ¶ 16. The Court should deny Plaintiffs' sweeping request or limit the UAL data to three months, permit just one RAG snapshot, and order Plaintiffs to reimburse Perplexity.

Respectfully submitted,

/s/ *Brett M. Sandford*
Brett M. Sandford (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)