**Brett M. Sandford**
Direct Dial: +1.415.395.8150
brett.sandford@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

**MEMO ENDORSED**

August 3, 2026

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

Re: *Encyclopaedia Britannica, Inc. et al. v. Perplexity AI, Inc.*, No. 1:25-cv-07546-JLR-SLC: Letter Motion to Seal Portions of Opposition to Letter Brief Regarding August 2025-May 2026 RAG and User Activity Log Data

Dear Judge Cave:

Pursuant to Rule 1.F of the Court's Individual Practices in Civil Cases, Defendant Perplexity AI, Inc. ("Perplexity") respectfully submits this letter motion to seal portions of Perplexity's Opposition to Plaintiffs' Letter Brief Regarding Additional RAG and User Activity Log Data Snapshots ("Opp.") and the supporting declarations of Mr. Jerry Ma ("Ma Decl.") and Mr. Tim Anderson ("Anderson Decl.") (collectively, "the Documents").

The Documents include information designated by Perplexity as "Confidential," "Highly Confidential," and "Highly Confidential – Sensitive Repository Data" pursuant to the Protective Order (ECF 55) and Data Inspection Protocol (ECF 76) entered in this case. More specifically, the Documents include sensitive, non-public information about the structure, format, volume, and contents of certain of Perplexity's internal databases, information regarding Perplexity's business operations and product initiatives, and financial information about Perplexity's agreement(s) with its discovery vendor. *See, e.g.*, Opp. at 2-3; Ma Decl. ¶¶ 10-12, 15-17, 19; Anderson Decl. ¶¶ 3, 5-10. Perplexity's request is narrowly tailored to protect only information reflecting Perplexity's internal, non-public business and technical information.

Because disclosure of this information would risk concrete, serious harm to Perplexity's competitive interests and the security of Perplexity's technical systems, Perplexity's sealing request complies with this Circuit's guidance in, for example, *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). While the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts therefore "must balance competing considerations against" the presumption of public access. *Id.* at 119-20 (quotations omitted). And where, as here, documents are "submitted in connection with discovery disputes," the presumption of public access is "generally somewhat lower[.]" *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also CRC Ins. Servs., Inc. v. Suh*, No. 22-cv-9528-AT-JW, 2025 WL

LATHAM&WATKINS LLP

560749, at *2 (S.D.N.Y. Feb. 19, 2025) (explaining that a discovery motion is entitled only to "'modest' weight" because resolution "does not involve analyzing the merits of the claims").

Courts in this Circuit routinely seal confidential business and technical information that is similar to the information at issue here. *See, e.g.*, *SEC v. Telegram Grp. Inc.*, No. 19-cv-09439, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *Hayden v. IBM Corp.*, No. 21-cv-02485, 2026 WL 1266363, at *3 (S.D.N.Y. May 8, 2026) (sealing "financial information"); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 15-cv-1133, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (sealing "IT information" because protecting such information "fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud") (citations omitted).

Perplexity respectfully requests that the Court grant leave to file the Documents under seal. We thank the Court for its consideration of this request.

Respectfully submitted,

/s/ *Brett M. Sandford*
Brett M. Sandford (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

The Court is in receipt of the letter at Dkt. No. 94 filed by Defendant Perplexity AI, Inc. ("Perplexity") requesting to file its opposition to Plaintiff's letter brief regarding RAG and User Activity Log Data Snapshots (Dkt. No. 95 (the "Opposition")) under seal and in redacted form to protect "information designated by Perplexity as 'Confidential,' 'Highly Confidential,' and 'Highly Confidential – Sensitive Repository Data' pursuant to the Protective Order (Dkt. No. 55) and Data Inspection Protocol (Dkt. No. 76) entered in this case" (the "Confidential Information"). (Dkt. No. 94 at 1 (the "Sealing Request")). Given that Perplexity designated the Confidential Information as 'Confidential,' 'Highly Confidential,' and 'Highly Confidential – Sensitive Repository Data' pursuant to the Protective Order (Dkt. No. 55) and Data Inspection Protocol (Dkt. No. 76), and "documents containing proprietary information and sensitive business information are routinely sealed in this [D]istrict[,]" Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc., No. 18 Civ. 11386 (VSB) (KHP), 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026), the Sealing Request is **GRANTED**. The Opposition at Dkt. No. 95 shall remain under seal.

Perplexity has already filed a publicly available version of the Opposition with the Confidential Information redacted. (Dkt. No. 95). By **August 5, 2026**, Perplexity's counsel shall email a courtesy copy of the unredacted version of the Opposition (including unredacted versions of the exhibits attached thereto) to Chambers at cave_nysdchambers@nysd.uscourts.gov.

The Clerk of Court is respectfully directed to close Dkt. No. 94.

SO ORDERED. August 4, 2026

SARAH L. CAVE
United States Magistrate Judge