**Brett M. Sandford**
Direct Dial: +1.415.395.8150
brett.sandford@lw.com

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600 Fax: +1.415.395.8095
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

**MEMO ENDORSED**

September 21, 2026

**VIA ECF**

The Honorable Sarah L. Cave
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1670
New York, New York 10007

Re: *Encyclopaedia Britannica, Inc. et al. v. Perplexity AI, Inc.*, No. 1:25-cv-07546-JLR-SLC: Letter Motion to Seal Portions of August 26, 2026 Hearing Transcript

Dear Judge Cave:

Pursuant to Rule 1.F of the Court's Individual Practices in Civil Cases, Perplexity submits this letter motion to seal portions of the Transcript of Proceedings held on August 26, 2026 before the Honorable Sarah L. Cave, United States Magistrate Judge (the "Transcript").

The Transcript refers to information designated by Perplexity as "Highly Confidential," and "Highly Confidential – Inspection Data" pursuant to the Protective Order (ECF 55) and "Highly Confidential – Source Code Data" pursuant to the Source Code Protocol (ECF 63) entered in this case. More specifically, the Transcript includes sensitive, non-public information about the structure, format, and contents of Perplexity's confidential, proprietary, and trade secret computer code. *See* Tr. at 3:5; 3:13-14; 3:16-17; 3:22; 4:18; 4:21; 5:1; 5:4; 5:8; 5:16-19; 7:2-8; 7:12-13; 8:5; 8:9-10; 9:22; 9:25; 12:6; 12:21; 13:6; 57:22-25. Perplexity's request is narrowly tailored to protect only information reflecting Perplexity's internal, non-public business and technical information.

Because disclosure of this information would risk serious harm to Perplexity's competitive interests and the security of Perplexity's technological systems, Perplexity's sealing request comports with this Circuit's guidance in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). While the "right of public access to judicial documents is firmly rooted in our nation's history," it is not absolute, and courts "must balance competing interests against" the presumption of public access. *Id.* at 119-20 (quotations omitted). And where, as here, the information was presented to the Court "in connection with discovery disputes," the presumption of public access is "generally somewhat lower[.]" *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also CRC Ins. Servs., Inc. v. Suh*, No. 22-cv-9528-AT-JW, 2025 WL 560749, at *2 (S.D.N.Y. Feb. 19, 2025) (explaining that a discovery motion is entitled only to "'modest' weight" because "resolving a discovery motion does not involve analyzing the merits of the claims").

LATHAM&WATKINS LLP

"[D]ocuments containing proprietary information and sensitive business information are routinely sealed in this district." *Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc.*, No. 18-cv-11386-VSB-KHP, 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026); *see also, e.g.*, *SEC v. Telegram Grp. Inc*., No. 19-cv-9439-PKC, 2020 WL 3264264, at *3 (S.D.N.Y. June 17, 2020) (sealing "proprietary business information"); *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, No. 13-cv-2581-PKC-JLC, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (sealing "IT information" because protecting such information "fits comfortably within other higher values consistently recognized by courts in this Circuit, such as the protection of sensitive business information; the protection of proprietary business information, such as internal analyses, business strategies, or customer negotiations; and the prevention of potential fraud") (citations omitted).

Perplexity respectfully requests that the Court seal the proposed redacted lines of the Transcript that reference information designated by Perplexity as Highly Confidential, Highly Confidential – Inspection Data, and Highly Confidential – Source Code Data. We thank the Court for its consideration of this request. Specifically, Perplexity requests that the Court seal the following page/line numbers of the transcript of the discovery teleconference held on August 26, 2026: 3:5; 3:13-14; 3:16-17; 3:22; 4:18; 4:21; 5:1; 5:4; 5:8; 5:16-19; 7:2-8; 7:12-13; 8:5; 8:9-10; 9:22; 9:25; 12:6; 12:21; 13:6; 57:22-25.

Respectfully submitted,

/s/ *Brett M. Sanford*
Brett M. Sandford (*pro hac vice*)
of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)

The Court is in receipt of the letter at Dkt. No. 123 filed by Defendant Perplexity AI, Inc. ("Perplexity") requesting to seal portions of the Transcript of Proceedings held on August 26, 2026 (Dkt. No. 112 (the "Transcript")) to protect "information designated by Perplexity as 'Highly Confidential,' and 'Highly Confidential - Inspection Data' pursuant to the Protective Order [Dkt. No. 55] and 'Highly Confidential - Source Code Data' pursuant to the Source Code Protocol [Dkt. No. 63] entered in this case" (the "Confidential Information"). (Dkt. No. 123 (the "Sealing Request")). As part of the Sealing Request, Perplexity submits a version of the Transcript with the Confidential Information redacted. (Dkt. No. 123-1). Given that the Confidential Information is designated as "Highly Confidential" and "Highly Confidential - Inspection Data" pursuant to Protective Order (Dkt. No. 55) and 'Highly Confidential - Source Code Data' pursuant to the Source Code Protocol (Dkt. No. 63), and "documents containing proprietary information and sensitive business information are routinely sealed in this [D]istrict[,]" Spectrum Dynamics Med. Ltd. v. GE Healthcare Techs., Inc., No. 18 Civ. 11386 (VSB) (KHP), 2026 WL 931622, at *2 (S.D.N.Y. Apr. 6, 2026), the Court **APPROVES** Perplexity's proposed redactions to the Transcript (Dkt. No. 123-1), and **GRANTS** the Sealing Request. The Transcript at Dkt. No. 112 shall be placed under seal.

The transcriber is respectfully directed to apply Perplexity's redactions (Dkt. No. 123-1) to the Transcript and docket the redacted version as the publicly-viewable Transcript.

The Clerk of Court is respectfully directed to:
1) Seal the Transcript at Dkt. No. 112; and
2) Close Dkt. No. 123.

SO ORDERED. September 24, 2026

Sarah L Cave
**SARAH L. CAVE**
**United States Magistrate Judge**