October 19, 2026

***VIA ECF***
Hon. Sarah L. Cave
Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *Encyclopaedia Britannica, Inc. et al. v. Perplexity AI, Inc.*, No. 1:25-cv-07546-JLR-SLC, Joint Letter Regarding Discovery Status and Disputes

Dear Judge Cave:

The parties submit this joint letter in advance of the October 22, 2026 telephonic conference.

**Plaintiffs' Statement**

**Overdue Supplementation of Interrogatories 7-12 and 16.** These interrogatories concern Perplexity's copying of third-party content, its hallucination and outputs containing copyrighted content, publisher payments, crawler identifiers, and products and user-metric tools. Ex. A. After the August 21 conference and several follow-ups, Perplexity agreed to supplement and said it "intends to supplement" by October 7, a date it did not dispute at the September 29 conference. *See* Tr. 22:4-9. Perplexity still has not supplemented, now says it "did not firmly commit" to October 7, and refuses to provide a date certain. Ex. B. Plaintiffs request an order requiring supplementation within 7 days.

**Privilege Logs.** Logs are due November 6. Perplexity proposes a log that would group privileged documents by categories. Perplexity cites L.R. 26.2(c) to support its proposal, but that rule also supports "metadata log[s]." The 2024 Committee Note explains that logs should be "appropriate to each case." L.R. 26.2(a)(2)(A) identifies document type, subject matter, date, author, addressees/recipients, and relationship of author and addressees/recipients for withheld documents and ESI. Perplexity's proposed categorical log would not provide metadata (e.g., document identifier, type, date sent, author, recipients) by document. Notably, in *Dow Jones*, pending in SDNY, Perplexity stipulated to, and Judge Failla ordered, a protocol requiring, for ***each withheld document***, the document identifier, date, document type, custodian, author, from, to/cc/bcc, and subject or file name. *Dow Jones*, Dkt. No. 101 at 4-5. Plaintiffs request the same type of privilege log as in *Dow Jones*.

**Perplexity's Request for a "Materials Excluded" Order.** This Court should reject Perplexity's legally unsupported, irrelevant, and disproportionate request for an order compelling Plaintiffs to conduct an unprecedented line-by-line analysis of over 290,000 pages of deposit copies.

*First,* the order Perplexity seeks would fundamentally invert the presumption of validity of copyright registrations. The copyright registrations here "constitute prima facie evidence of the

validity of the copyright." 17 U.S.C. § 410(c); *accord CoStar Grp., Inc. v. Commercial Real Est. Exch., Inc.*, 2025 WL 2647269, at *4 (C.D. Cal. June 25, 2025). If Perplexity seeks to challenge certain copyrights, then Perplexity must first point to specific articles and put forth specific evidence of why those copyrights are not valid. Perplexity has not done so. *Synygy, Inc. v. ZS Assocs., Inc.*, 2015 WL 899408, at *24 (E.D. Pa. Mar. 3, 2015), is unavailing because, there, the Copyright Office itself added a footnote to the copyright registration certificate that "create[d] an ambiguity with respect to the scope of any copyright." .

Second, Perplexity's request is irrelevant because its underlying premise is factually wrong. Perplexity claims that it needs this line-by-line accounting "to identify which elements of [Plaintiffs'] works they did not author." But this overlooks the fact that whatever text is excluded from the 2025 copyrights of the online work, that text is copyrighted in previous registrations ***also owned by Britannica***. In fact, here, the 2005 copyright of the print volume of the encyclopedia ***is asserted in this case***. *See* Dkt. 43-13. Due to Britannica's common ownership of both the 2005 and 2025 asserted copyrights, Britannica is the presumptively valid owner for copyrighted texts, whether they are covered by the 2005 or 2025 registrations.[1]

Perplexity's request as applied to the remainder of the "Materials Excluded" is even further afield. Besides the Britannica-authored text described above, Britannica is not claiming copyright ownership in third parties' photographs; artwork such as "graphs, charts, illustrations, or maps"; and "public domain content," such as quotes from the U.S. Constitution. *See* Exs. C–D at 6. There is no connection between those excluded materials and the copyrightability of Britannica-authored ***text***. Plaintiffs have produced the deposit copies of the Asserted Works—to the extent Perplexity wants to identify every photo or illustration in every article, it can do so itself.

Third, Perplexity's request is vastly disproportionate to the needs of the case. As this Court observed at the September 8 hearing, a "work-by-work identification of what's been disclaimed" "seems like a lot." Tr. at 37:9–12.

After undertaking the Court's request to provide authority, Perplexity still has identified no case requiring a copyright plaintiff to provide such analysis in discovery. No case Perplexity cites involved anything approaching the number of works at issue here. *See Vendavo, Inc. v. Price f(x) AG*, 2019 WL 1995765 (N.D. Cal. May 6, 2019) (seven software products); *Safeair, Inc. v. Airtran Airways, Inc.*, 2009 WL 1835916 (W.D. Wash. June 26, 2009) (five registrations); *Gutierrez v. CogScreen, LLC*, 2018 WL 11347749, at *4 (W.D. Tenn. Sept. 10, 2018) (one 22-page registration). In *McKeon Prods., Inc. v. Cirrus Healthcare Prods., LLC*, 2009 WL 10680735, at *2-3 (E.D. Mich. June 4, 2009), which also involved a single registration, the court ***declined*** to order a detailed analysis, noting that if the defendant "wants to compare each change in each

[1] To the extent Perplexity argues for a page-by-page analysis of the 2005 print encyclopaedia, the appropriate way to seek this information is through 30(b)(6) testimony. *See* L.R. 33.3(b)(1); *see also Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 746–47 (2d Cir. 1998) ("[B]ecause Streetwise is the owner of the copyright of both the derivative and pre-existing work, the registration certificate relating to the derivative work in this circumstance will suffice to permit it to maintain an action for infringement based on defendants' infringement of the pre-existing work.").

preexisting work over the years, it can do so."

Plaintiffs have combed through 10 copyright and AI cases, listed in Appendix A, and likewise have not found relevant authority supporting Perplexity's demand. In *New York Times v. OpenAI*, No. 1:23-cv-11195, OpenAI moved to compel documents on the Times's newsgathering process on a story-by-story basis. Much like Perplexity here, OpenAI argued that such burdensome discovery is needed to test whether the asserted works were original works of authorship. *See* Dkt. 152. The court rejected the request:

> What I understood requests [10], 11, and 12 to be getting at are to be asking the New York Times and its journalists to parse out which portions they themselves wrote, what they obtained from [what] other source[s] said, where they obtained it, whether the other source was copy[righted] or not. And I am saying I don't think that's proportional to the needs of the case.

Sept. 12, 2024 Tr. at 94 (Ex. E). Perplexity also fails to justify its alternative request to preclude evidence.

**Perplexity's Statement**

The only ripe dispute is Plaintiffs' deficient Interrogatory 3 response. Plaintiffs' issues are manufactured or unripe.

**Plaintiffs' Interrogatory 3 Response Remains Deficient**. Plaintiffs admit the "materials excluded" from their "online Asserted Works" copyright registrations include "previously published material," "public domain content," "photographs licensed from third parties," and "certain two-dimensional artwork." Ex. C at 6; Ex. D at 6. Plaintiffs claim they do "not have a 'Materials Excluded' analysis" for their hard-copy Asserted Work registrations, which "did not include the 'material excluded from this claim' section." *Id.* at 7. But the registrations for both hard-copy works show excluded material, too.[2]

Copyright does not protect those materials; it extends "only to those components … original to the author." *Feist Publ'ns, Inc. v. Rural Tel. Serv.*, 499 U.S. 340, 348 (1991); *Wozniak v. Warner Bros. Ent. Inc.*, 726 F. Supp. 3d 213, 238 (S.D.N.Y. 2024) (copyright does not extend to "preexisting material"); *Hines v. BMG Rts. Mgmt. (US) LLC*, 694 F. Supp. 3d 341, 349 (S.D.N.Y. 2023) (copyright covers "original additions," not public domain elements).[3]

Plaintiffs must disclose the material excluded from the 15 registrations for their Asserted Works. To prove infringement, Plaintiffs must show "substantial similarity" between Perplexity's materials and "those elements, ***and only those elements***, that provide copyrightability." *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (cleaned up). Yet Plaintiffs refuse to identify which elements they did not author or are otherwise not covered by their registrations. Without that information, neither Perplexity nor the Court can compare the protectable elements to any allegedly infringing outputs—the core infringement inquiry.

Plaintiffs' refusal is improper. They chose to assert 15 sprawling collective works, many registered only weeks before filing suit. Unsubstantiated claims of "burden" do not excuse them from proving an essential element of their claims: "It is not a burden to specifically state" and identify "the copyrighted material," or to explain how Perplexity's material "offends the copyrighted material." *Safeair, Inc. v. Airtran Airways, Inc.*, 2009 WL 1835916, at *3 (W.D. Wash. June 26, 2009); *see Gutierrez v. CogScreen, LLC*, 2018 WL 11347749, at *4 (W.D. Tenn. Sept. 10, 2018) (requiring plaintiff to "identify with detail and specificity … all elements" that are protected "original work(s) of authorship" and, "conversely, describe in detail those portions not claimed … as copyrightable"). Courts reject generalized descriptions of excluded material, requiring plaintiffs to "specifically identify" it. *Vendavo, Inc. v. Price f(x) AG*, 2019 WL 1995765, at *4 (N.D. Cal. May 6, 2019) (list of open source projects in source code "insufficient"); *McKeon Prods., Inc. v. Cirrus Healthcare Prods., LLC*, 2009 WL 10680736, at *1 (E.D. Mich. Mar. 24, 2009) (plaintiff must "highlight or designate in some easily understandable form" new, unique

---

[2] Merriam-Webster's dictionary registration lists a prior registration, stating the "Basis of Claim" is "New Matter: revisions & additions." ECF 43-15. Britannica's print encyclopedia registration lists a prior registration and identifies "preexisting material." ECF 43-13.

[3] Internal citations omitted, emphasis added unless noted.

portions of asserted work).[4] Plaintiffs' reliance on *OpenAI* is misplaced because OpenAI sought documents on the Times' "newsgathering process" to test whether millions of asserted works were "original works of authorship." 23-cv-11195, ECF 152 (July 1, 2024). Here, Perplexity seeks only to understand the ***scope*** of Plaintiffs' copyrights—this request is not "disproportionate," it is simply a function of the works Plaintiffs chose to assert.

Requiring this disclosure does not "invert the presumption of validity." Plaintiffs cannot even invoke that presumption because the scope of their registrations is unclear. *See Synygy, Inc. v. ZS Assocs., Inc.*, 2015 WL 899408, at *24 (E.D. Pa. Mar. 3, 2015) (declining to apply presumption where registration left "no way to distinguish" protected and unprotected elements). Nor do registrations for collective works establish ownership of each component part. 17 U.S.C. § 201(c). And even where the presumption applies, Perplexity is entitled to discovery to test it.

Plaintiffs argue that "whatever text is excluded" from their online work copyrights "is copyrighted in [Britannica's] previous registrations." That is wrong. Plaintiffs concede these works contain "previously published material, ***such as*** articles" originally "in hard copies of an encyclopedia" and "public domain content." Ex. C at 6.

Finally, Plaintiffs' suggestion that a 30(b)(6) deposition is the "appropriate way to seek" a "page-by-page analysis" of printed works finds no support in Local Rule 33.3(a)-(b), which do not apply because the case is well past "the commencement of discovery" and the deadline to serve interrogatories has passed. An interrogatory is also a "more practical method" of obtaining this information, L.R. 33.3(b), as 30(b)(6) depositions should not be "memory contest[s]" on detailed facts. *EEOC v. AIG, Inc.*, 1994 WL 376052, at *3 (S.D.N.Y. July 18, 1994).

The Court should order Plaintiffs to supplement their Interrogatory 3 response within 10 days to specifically identify the "materials excluded" from each Asserted Work or preclude them from offering evidence of the material covered by their registrations at summary judgment or trial.

**<u>Privilege Logs</u>**. Perplexity agreed to provide a categorical log, which is "presumptively proper" under Local Rule 26.2(c)(1), and will include each field recommended by the New York City Bar (Ex. F). Perplexity represented that its descriptions will provide information sufficient to enable Plaintiffs to understand "the validity of the assertion of privilege." *Rekor Sys., Inc. v. Loughlin*, 2021 WL 5450366, at *1 (S.D.N.Y. Nov. 22, 2021). That is sufficient. Yet before even receiving Perplexity's log (due November 6), Plaintiffs speculate it will not suffice and demand per-document "metadata." That request flouts Local Rule 26.2(c)(4): "[A] party cannot object to a privilege log solely on the basis that it is a categorical log." *See Loughlin*, 2021 WL 5450366, at *2. That Perplexity negotiated different fields in other cases is irrelevant.

**<u>Perplexity's Interrogatory Responses</u>**. This issue is moot—Perplexity will supplement its responses to Interrogatories 8, 9, 12, and 16 by October 21, with the remainder to follow by October 28. Plaintiffs' seven-day demand is unreasonable: fact discovery does not close until March 2027 and Plaintiffs identify no prejudice. Meanwhile, Plaintiffs have not provided

---

[4] Plaintiffs cite a later *McKeon* order addressing an interrogatory seeking the "history" of excluded preexisting material, which is inapt because the preexisting material had already been "identified." 2009 WL 10680735, at *2.

substantive responses to numerous interrogatories and offer no timeline for doing so. Plaintiffs cannot have it both ways.

Dated: October 19, 2026

Respectfully submitted,

**LATHAM & WATKINS LLP**

*/s/ Joseph R. Wetzel*
Joseph R. Wetzel
Andrew Gass (admitted *pro hac vice*)
Brett M. Sandford (admitted *pro hac vice*)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Tel: 415.391.0600
joe.wetzel@lw.com
andrew.gass@lw.com
brett.sandford@lw.com

Sarang V. Damle
Cory D. Struble
Julia R. Miller
1271 Avenue of the Americas
New York, NY 10020
Tel: 212.906.1200
sy.damle@lw.com
cory.struble@lw.com
julia.miller@lw.com

Sara E. Sampoli (admitted *pro hac vice*)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 2004
Tel: 202.637-2200
sara.sampoli@lw.com

*Attorneys for Defendant Perplexity AI, Inc.*

**SUSMAN GODFREY LLP**

*/s/ Davida Brook*
Davida Brook (*pro hac vice*)
1900 Avenue of the Stars, Sute 1400
Los Angeles, CA 90067
dbrook@susmangodfrey.com
T: (310) 789-3100
F: (310) 789-3150

Ian B. Crosby (*pro hac vice*)
401 Union Street, Suite 3000
Seattle, WA 98101
icrosby@susmangodfrey.com
T: (206) 516-3880
F: (206) 516-3883

Y. Gloria Park
Sarah Hannigan
One Manhattan West, 50th Street
New York, NY 10001
gpark@susmangodfrey.com
shannigan@susmangodfrey.com
T: (212) 336-8330
F: (212) 336-8340

Ace Factor
Elise Miller
1000 Louisiana, Suite 5100
Houston, TX 77002
afactor@susmangodfrey.com
elmiller@susmangodfrey.com
T: (713) 653-7826
F: (713) 654-6666

*Attorneys for Plaintiffs Encyclopaedia Britannica, Inc. and Merriam-Webster, Inc*