UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ENCYCLOPAEDIA BRITANNICA, INC., et al.,

Plaintiffs,

-v-

PERPLEXITY AI, INC.,

Defendant.

CIVIL ACTION NO. 25 Civ. 7546 (JLR) (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. INTRODUCTION

Plaintiffs Encyclopaedia Britannica, Inc. ("Britannica") and Merriam-Webster, Inc. ("MW," together, "Plaintiffs") bring this action for copyright infringement against Defendant Perplexity AI, Inc. ("Perplexity"). (Dkt. No. 43 (the "Amended Complaint")). Before the Court is Perplexity's demand that Plaintiffs supplement their responses to Interrogatory 3 ("Interrogatory 3"). (Dkt. Nos. 128 at 3, 5–6; 142 at 1–5 (the "Request")). For the reasons set forth below, the Request is **GRANTED IN PART** and **DENIED IN PART**.

## II. BACKGROUND

### A. Factual Background

We presume familiarity with the factual and procedural background of this action set forth in our Order dated September 2, 2026. Encyclopaedia Britannica, Inc. v. Perplexity AI, Inc., No. 25 Civ. 7546 (JLR) (SLC), 2026 WL 2593275, at *1–3 (S.D.N.Y. Sept. 2, 2026) ("Perplexity I").[1]

[1] Internal citations and quotation marks are omitted from case citations unless otherwise indicated.

We use the defined terms in Perplexity I and set forth only the background necessary to analyze the Request.

Perplexity's Interrogatory 3 asks Plaintiffs:

> For each Copyright Registration reflecting any "Material Excluded" from the copyright claim, Identify the excluded material with specificity and with sufficient detail to precisely locate such excluded material within the Asserted Work.

(Dkt. No. 142-3 at 6; 142-4 at 6).[2] Plaintiffs initially responded to Interrogatory 3 by incorporating their general objections and then:

> object[ing] to this Interrogatory as overly broad and unduly burdensome to the extent it seeks a description of "Material Excluded" with "sufficient detail to precisely locate such excluded material" within each specific Asserted Work, which is burdensome to identify across a set of collective works encompassing nearly 100,000 articles. Subject to and without waiving [their] General and specific objections, [Plaintiffs were] willing to meet and confer regarding the scope of this Interrogatory.

(Dkt. Nos. 142-3 at 6; 142-4 at 6 (the "Initial Response")).

During a conference on September 8, 2026, Perplexity raised an objection to the Initial Response. (Dkt. No. 120 at 30–31 (the "Sept. 8 Conference")).[3] The Court explained that, to the extent that Perplexity was seeking Plaintiffs to provide a "work-by-work identification of what's been disclaimed" in each copyright registration, "[t]hat seem[ed] like a lot." (Id. at 37). While Plaintiffs continued to resist "go[ing] line by line through the 95,000 articles at issue and say[ing]

[2] Perplexity directed Interrogatory 3 to each Plaintiff separately, but the Interrogatory and Plaintiffs' responses are identical, so we discuss them together. (Dkt. Nos. 142-3 at 6–8; 142-4 at 6–8).

[3] On October 5, 2026, the Court preliminarily sealed the transcript of the Sept. 8 Conference (the "Transcript") to protect information that Perplexity designated as confidential. (Dkt. No. 136). Perplexity filed a publicly available version of the Transcript with the confidential information redacted at Dkt. No. 132-1. The Court does not discuss the confidential information Perplexity redacted from the Transcript and therefore publicly files this Opinion and Order.

word-for-word what is and isn't" subject to the copyright registrations, they agreed to provide the "categories of information" that Plaintiffs disclaimed. (Id. at 39–40).

On September 18, 2026, Plaintiffs supplemented their response as discussed during the Sept. 8 Conference, as follows:

> . . . Subject to its objections, [Plaintiffs] state[] that the "Materials Excluded" from the copyright registrations for the online Asserted Works refers to content that falls within one of the following categories: First, "Materials Excluded" includes "previously published material, such as articles that were originally included in hard copies of an encyclopedia which were substantively revised for inclusion on the website. In these cases, the underlying article would be excluded from the copyright claim in this application, but the added material in the new version would be included in the claim (as unpublished derivative works)." BRITANNICA_00583362. Second, "Materials Excluded" includes public domain content, such as the U.S. Constitution and similar government works. Third, "Materials Excluded" includes photographs licensed from third parties for which [Plaintiffs] did not have copyright ownership. Finally, "Materials Excluded" may include certain two-dimensional artwork, including graphs, charts, illustrations, or maps, created by third parties and for which [Plaintiffs] did not have copyright ownership. Pursuant to Federal Rule of Civil Procedure 33(d), [Plaintiffs] further state[] that Perplexity may ascertain some of the information pertaining to this interrogatory at BRITANNICA_00583362. . . .

(Dkt. No. 142-3 at 6–7; 142-4 at 6–7 (the "First Supplemental Response")). In a joint status letter dated September 25, 2026, Perplexity asserted that the First Supplemental Response "remains deficient" because it "fails to address certain registrations or identify excluded content precisely enough to determine what lies outside Plaintiffs' copyrights." (Dkt. No. 128 at 5). Perplexity continued to assert that "Plaintiffs must identify any excluded material in those works." (Id.) Plaintiffs responded that the copyright registration process does not require "an exhaustive page-by-page analysis[.]" (Id. at 3).

Following a discussion of Interrogatory 3 during a conference on September 29, 2026, the Court permitted the parties to cite authority for their respective positions as to the scope of

Plaintiffs' response to Interrogatory 3. (Dkt. No. 131 at 3 ¶ 9). In the meantime, Plaintiffs supplemented their response to Interrogatory 3 as follows:

> [Plaintiffs] continue[] to stand on [their] objections to Perplexity seeking an interrogatory response analyzing materials excluded from the print dictionary on an entry-by-entry or page-by-page basis, which is irrelevant and overly burdensome. Such a written analysis is not required by the copyright registration process and would invert the presumption of validity. Deposition testimony is a "more practical method" of inquiring into this subject. See Local Civil Rule 33.3(b)(1). Subject to [those] objections, [Plaintiffs] state[] that [they] do[] not have a "Materials Excluded" analysis for the print dictionary/encyclopedia registration, which did not include the 'material excluded from this claim' section included on the later registrations for the Britannica online articles . . .

(Dkt. No. 142-3 at 7–8; 142-4 at 7–8 (the "Second Supplemental Response")).

On October 19, 2026, the parties filed a joint status letter including further argument and case citations concerning Interrogatory 3. (Dkt. No. 142). During a conference with the parties on October 22, 2026, the parties elaborated on their respective positions. (See Dkt. No. 144 (the "Oct. 22 Conference")). Following the Oct. 22 Conference, the Court directed Plaintiffs to file the document referenced in the First Supplemental Response (the "Email") and the parties to obtain the transcript of the Oct. 22 Conference. (Dkt. No. 144 at 2 ¶ 4). On October 26, 2026, Plaintiffs submitted the Email. (Dkt. Nos. 148; 148-1). The Email is a communication from Plaintiffs' copyright counsel to the Copyright Office dated August 14, 2025 responding to questions about Plaintiffs' copyright application with respect to a portion of Britannica's website. (Dkt. No. 148-1 at 2–3).

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery and permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim

or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1). Courts construe relevance "broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any party's claim or defense." Doe v. Sarah Lawrence Coll., No. 19 Civ. 10028 (PMH) (JCM), 2021 WL 197132, at *3 (S.D.N.Y. Jan. 20, 2021).

In deciding whether discovery is proportional to the needs of the case, courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Doe, 2021 WL 197132, at *2. "[T]he court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative . . .; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Of course, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "A district court has broad discretion to determine the scope of discovery." Roman Cath. Diocese of Rockville Ctr., N.Y. v. Arrowood Indem. Co., No. 20 Civ. 11011 (JLR), 2022 WL 17593312, at *4 (S.D.N.Y. Dec. 13, 2022) (citing Crawford-El v. Britton, 523 U.S. 574, 598 (1998)).

**B. Application**

Exercising our "broad discretion in resolving discovery disputes and in fashioning limitations designed to balance the need for disclosure against competing concerns of burden, proportionality, and confidentiality[,]" Hink v. Duffy, No. 24 Civ. 279 (BKS) (PJE),

2026 WL 2110784, at *3 (N.D.N.Y. July 22, 2026), we decline to order Plaintiffs to provide a page-by-page or line-by-line analysis to identify each of the "Materials Excluded" from Plaintiffs' copyright registrations. We do, however, direct Plaintiffs to supplement their response to Interrogatory 3 in one respect, described further below.

We have reviewed the authorities Perplexity cites (Dkt. No. 142 at 4–5), and acknowledge that those courts generally required copyright plaintiffs to "describe in detail those portions not claimed [] as copyrightable." Gutierrez v. CogScreen, LLC, No. 17 Civ. 2378 (JPM) (TMP), 2018 WL 11347749, at *4 (W.D. Tenn. Sept. 10, 2018); see Vendavo, Inc. v. Price f(x) AG, No. 17 Civ. 6930 (KAW), 2019 WL 1995765, at *4 (N.D. Cal. May 6, 2019) (finding that plaintiff's general reference to source code was insufficient and requiring plaintiff to "identify 'the original portions' of the copyright"); Safeair, Inc. v. Airtran Airways, Inc., No. 09 Civ. 5053 (RJB), 2009 WL 1835916, at *3 (W.D. Wash. June 26, 2009) ("It is not a burden to specifically state and provide to the [d]efendant identification of the copyrighted material and how the [d]efendant's material offends the copyrighted material[.]"); see also Syngy, Inc. v. ZS Assocs., Inc., No. 07 Civ. 3536 (TNO), 2015 WL 899408, at *24 (E.D. Pa. Mar. 3, 2015) (holding that items specifically excluded from copyright registration "cannot be subject to the presumption" of validity). None of Perplexity's cases, however, address, let alone require, the line-by-line or even page-by-page itemization that Perplexity demands of Plaintiffs here.

Rather, we read these precedents to recognize the general requirement that Plaintiffs identify, with sufficient detail, the portions of the Asserted Works that are not copyrightable. See Gutierrez, 2018 WL 1134779, at *4; see also Software for Moving, Inc. v. Frid, No. 09 Civ 4341 (DLC), 2010 WL 2143670, at *3 (S.D.N.Y. May 27, 2010) (noting that, to prevail on copyright

infringement claim, plaintiff would "have to identify with particularity the copyrightable elements of [the work] that it contends were infringed"); SimplexGrinnell LP v. Integrated Sys. & Power, Inc., 642 F. Supp. 2d 206, 214 (S.D.N.Y. 2009) (noting that plaintiff failed to identify which portions of its software defendant infringed). We find that the first three categories of "Materials Excluded" in the First Supplemental Response are sufficiently specific and detailed to enable Perplexity to determine which portions of the Asserted Works are not copyrightable. (Dkt. Nos. 142-3 at 6–7; 142-4 at 6–7).

As to the fourth, however — "certain two-dimensional artwork, including graphs, charts, illustrations, or maps, created by third parties and for which [Plaintiffs] did not have copyright ownership" (Dkt. Nos. 142-3 at 7; 142-4 at 7) — we find that Plaintiffs can and should provide further clarity. In the Email, Plaintiffs' copyright counsel notes that Plaintiffs sought to amend their application to "exclude[] from each claim some text (and 2D artwork) that was previously published." (Dkt. No. 148-1 at 2). The Email, in conjunction with the First Supplemental Response, leaves some ambiguity concerning which two-dimensional works Plaintiffs exclude from the Asserted Works. Plaintiffs' reference to "certain two-dimensional artwork" suggests that there is some two-dimensional artwork that Plaintiffs are claiming is copyrightable. To the extent that is the case, we do not find it unduly burdensome to require Plaintiffs to identify which two-dimensional artwork constitutes "Materials Excluded." See Buhrman v. Univ. of Rochester, No. 24 Civ. 6029 (FPG) (CDH), 2026 WL 2267361, at *8–9 (W.D.N.Y. Aug. 6, 2026) (compelling production of "narrower subset" of information to reduce burden). If Plaintiffs' use of "certain" was merely cautious, they should revise the First Supplemental Response to remove that qualification and so eliminate the ambiguity.

## IV. CONCLUSION

For the reasons set forth above, the Request is **GRANTED IN PART** to the extent that, by **November 10, 2026**, Plaintiffs shall provide a supplemental response to Interrogatory 3 that clarifies which two-dimensional artwork falls within "Materials Excluded" from the Asserted Works, and is otherwise **DENIED**.

Dated: New York, New York
October 27, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**